UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICHOLAS EDWARD SKALUBA,

                Petitioner,                Case No. 2:24-cv-11459

v.                                            HON. MARK A. GOLDSMITH

A. DOUGLAS,

                Respondent.
_____/

**OPINION AND ORDER (i) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (ii) DENYING CERTIFICATE OF APPEALABILITY, AND (iii) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Nicholas Edward Skaluba, (Petitioner), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petition (Dkt. 1). Petitioner challenges his 2019 Alpena Circuit Court conviction for first-degree criminal sexual conduct and other offenses. Id. Petitioner was sentenced to a controlling term of 16 to 999 years' imprisonment.[1] The habeas petition raises the same claims challenging his state conviction that Petitioner presented to the state courts on direct appeal. See id. at PageID.5–10.

The Court finds that the petition was filed after expiration of the statute of limitations and is subject to dismissal on that basis. The Court also denies Petitioner a certificate of appealability and denies permission to appeal in forma pauperis.

## I.   BACKGROUND

Petitioner's convictions arose from allegations that he raped two unconscious women at two parties after drugging them. See People v. Skaluba, No. 349660, 2021 WL 5497682 (Nov.

---

[1] See Prison Sentence information for Plaintiff on Michigan Department of Corrections website: https://perma.cc/BDA7-D6RV

23, 2021). Following his conviction, Petitioner filed a direct appeal raising claims of withheld evidence, evidentiary error, and ineffective assistance of counsel. Id. The Michigan Court of Appeals affirmed in an unpublished opinion. Id.

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, but it was denied by standard for order on July 28, 2022. People v. Skaluba, 977 N.W.2d 542 (Mich. 2022) (mem. op.). In his petition, Petitioner states that he did not file a motion for state post-conviction review. Petition, PageID.3. The electronic docket likewise indicates that no post-judgment filings have been made in the trial court.[2]

Petitioner signed and dated his petition on May 24, 2024, and he filed it on June 4, 2024. See id. After preliminary review of the petition, the Court ordered Petitioner to show cause why it should not be dismissed on statute of limitations grounds. 10/29/24 Order (Dkt. 3). Petitioner failed to file a response to the show cause order, and the time for doing so has expired.

## II.    ANALYSIS

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ...." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner is whether the petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider sua sponte, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006).

---

[2] See MiCourt Case Search, https://perma.cc/Q6AG-N93G, then click "Continue."

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). Generally, the limitation begins to run when the state court judgment becomes final by the conclusion of direct review or when the time for seeking such review expires.[3] § 2244(d)(1)(A).

The expiration of time for seeking direct review in Petitioner's case was October 26, 2022, when the 90-day time limit for filing a petition for a writ of certiorari in the United States Supreme Court expired. See Gonzalez v. Thaler, 565 U.S. 134 (2012). Under section 2244(d)(1)(A), the statute of limitations started running the next day, on October 27, 2022, and it expired one year later, on October 26, 2023. Petitioner signed and dated his federal habeas petition on May 24, 2024, about seven months after the statute of limitations expired.

The one-year limitations period applicable to § 2254 petitions may be subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling of the statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner presents nothing in his petition that suggests a basis for equitably tolling. The Court ordered Petitioner to show cause why his petition should not be dismissed as untimely filed, but Petitioner did not respond to the order. The fact that Petitioner is proceeding pro se and may be unaware of the statute of limitations does not provide a basis for tolling the limitations period. See Rodriguez v. Elo, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (stating that the law is "replete with instances which firmly establish that

---

[3] None of the other three potential starting points for the limitations period set forth in the statute are applicable here. See § 2244(d)(1)(B)-(D).

ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements).

Because the petition because was filed after expiration of the one-year statute of limitations and there are no grounds presented for excusing the untimely filing, the Court summarily dismisses it.

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484–85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id. Having undertaken the requisite review, the Court concludes that jurists of reason could not debate the Court's procedural ruling that Petitioner was filed after expiration of the statute of limitations and that Petitioner has failed to demonstrate entitlement to equitable tolling. The Court, therefore, denies a certificate of appealability.

Finally, permission to appeal in forma pauperis is denied because an appeal of this order could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

### III.  CONCLUSION

For the foregoing reasons, it is ordered that the petition for writ of habeas corpus is summarily dismissed with prejudice.

It is further ordered that a certificate of appealability and permission to appeal in forma pauperis are denied.

**SO ORDERED.**

Dated: July 30, 2025  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 30, 2025.

  s/Joseph Heacox
  JOSEPH HEACOX
  Case Manager